MICHAEL F. WOOD (DCBN 376312)
RICHARD B. COHEN (CSBN 79601)
BRIAN J. STACK (OSBN 0069796)
JASON M. KATZ (OSBN 0076104)
ALBERT SAMBAT (CSBN 236472)
ANNA TRYON PLETCHER (CSBN 239730)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, California 94102
Telephone (415) 436-6660
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN NEWTON,<br><br>　　　　　Defendant. | No. CR-05-00208-10 CRB<br><br>UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT STEVEN NEWTON<br><br>Hearing Date: April 9, 2008<br>Time:　　　　 2:15 p.m.<br>Court:　　　　Hon. Charles R. Breyer |

Defendant Steven Newton is scheduled to be sentenced before this Court on April 9, 2008, after having entered a guilty plea on April 6, 2007. Mr. Newton pled guilty pursuant to a Rule 11(c)(1)(B) plea agreement to two charges: (1) that he participated in a scheme to defraud the Federal Communications Commission ("FCC") and the Universal Services Administrative Company ("USAC"), in violation of the federal wire-fraud statute, 18 U.S.C. §§ 1343 and 2; and (2) that he conspired to rig bids on 15 school projects proposed to be funded under the FCC's E-Rate program, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Mr. Newton's co-defendants, with the exception of co-defendant Judy Green, have also pled guilty. On September 14, 2007, a jury found Ms. Green guilty of the twenty-two counts with which she was charged. She was sentenced by Judge William Alsup on March 19, 2008. Co-defendant Earl Nelson was

**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT STEVEN NEWTON**

sentenced by this Court on March 19, 2008. The remaining co-defendants are scheduled to be sentenced before this Court on the same day as Mr. Newton.

The United States now files this pleading to address the offense conduct and the calculation of the Guidelines, as well as to advise the Court of its sentencing recommendation. Based on Mr. Newton's substantial assistance to the government and based on his history and characteristics, the United States moves for a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), to offense level 15. The Court should also order the defendant to pay the $100 special assessment at the time of sentencing.

## DISCUSSION

### I. The Offense Conduct

The Probation Officer's Report sets out an accurate summary of the facts of this case. *See* Presentence Investigation Report, ¶¶ 6–19. In a nutshell, this case relates to schemes and conspiracies to defraud the federal E-Rate program, which was created by Congress to provide funding to connect schools and libraries to the Internet. One of those conspiracies, a bid-rigging conspiracy charged in Count 21 of the Superseding Indictment and to which Mr. Newton has since pled guilty, focuses on bid activity related to fifteen E-Rate Funding Year 6 (2003–2004) school projects proposed to be funded by the E-Rate program. Representatives of Digital Connect Communications Inc., including Mr. Newton, and representatives of Expedition Networks, Ltd., two companies that each had the capability to provide Internet access and telecommunications equipment and services, met with co-defendants Judy and Allan Green at the offices of ADJ Consultants, Inc. on or about January 4, 2003. At this meeting, the Digital Connect and Expedition Networks representatives worked on bid pricing for the fifteen Year 6 school projects, with Mr. Newton and co-defendant Judy Green supplying pricing information to be included in both the Digital Connect and Expedition Networks bids. In this manner, pricing was provided to, and projects and project components were allocated between, competitors Digital Connect and Expedition Networks. The Digital Connect and Expedition Networks bids were subsequently sent to the schools, and co-defendant Judy Green designated Digital Connect and Expedition Networks as the selected vendors on the funding applications sent to USAC. The

conspiracy ended in 2004 when USAC denied funding for these fifteen projects due to concerns about the propriety of the schools' applications.

In addition to the above bid-rigging conspiracy, the defendants entered into numerous schemes to defraud the FCC and USAC through the submission of false and misleading information. Mr. Newton pled guilty to the wire-fraud scheme charged in Count 11, which relates to the E-Rate project for the Luther Burbank School District ("Luther Burbank"), located in San Jose, California. The basic contours of this scheme include: (1) the submission of false and misleading documents to USAC to deceive USAC into believing that it was paying only 90% of the Luther Burbank project's costs, when in fact USAC paid 100% of the project's costs; (2) the submission of false and misleading invoices to USAC to conceal the fact that E-Rate funding was being used to purchase and deliver to Luther Burbank equipment that was not eligible for E-Rate funding; and (3) the submission of certifications to USAC stating that the equipment and services for the project had been delivered and installed, before the work even began, in order to obtain funding.

## II. The Guidelines Calculations

The Probation Office has concluded that Mr. Newton's final offense level is 23 and that his criminal history category is I, which results in a Guidelines range of 46 to 57 months. The United States agrees with these calculations.

Based on Mr. Newton's substantial cooperation in the United States' investigation, as well as based on his history and characteristics, the United States respectfully requests that this Court depart below the applicable Guidelines range, to a level 15. The basis of the United States' motion is set out in more detail in Section III, *infra*. Because the offense level 23/criminal history category I is in "Zone D" of the Guidelines, a probationary sentence would not be permissible under the Guidelines. U.S.S.G. § 5C1.1(f).

## III. Sentencing Recommendation and Motion for Downward Departure

Under U.S.S.G. § 5K1.1, the Court may depart from the Guidelines based on defendant's substantial assistance, and may consider the following reasons when determining the appropriate amount of the reduction:

UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR
DOWNWARD DEPARTURE RE: DEFENDANT STEVEN NEWTON
-3-

> A. the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> B. the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> C. the nature and extent of the defendant's assistance;
>
> D. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and
>
> E. the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. Further, this Court should consider the factors set out in 18 U.S.C. § 3553(a) in determining an appropriate sentence, including the nature and characteristics of the defendant.

Mr. Newton's timely cooperation, in addition to his testimony at trial, merits the downward departure. Mr. Newton was the first indicted individual to agree to change his plea, and the resulting cooperation from Mr. Newton was significant, useful, and timely, allowing the government to bolster its case against the remaining defendants. In his post-plea interviews, he provided the government details about the conspiratorial events, gave context and foundation for relevant documents, and described his own conduct, intent, and motives. During these interviews, he was well prepared and provided extensive details, sparing neither himself nor any of his colleagues in his recitation of incriminating facts related to the charged conduct. As a result, Mr. Newton's plea helped spur the guilty pleas of other individuals, specifically, his co-defendants George Marchelos, Earl Nelson, William Holman, and Allan Green.

This allowed the government to significantly streamline and bolster its case at trial against co-defendant Judy Green, *United States v. Judy Green*, (N.D. Cal. CR-05-0208-07). Mr. Newton was the first conspiratorial witness to testify, and his testimony assisted in laying the foundation for the remainder of the government's case. Mr. Newton testified in great detail about the fraudulent conduct of Ms. Green and others. The facts covered by his testimony were corroborated, with some variations, by other government witnesses. During his testimony on both direct and cross-examination, Mr. Newton was, based on his understanding of the questions asked of him, frank and forthright both as to the impropriety of his actions in regard to the charged conduct and in his acceptance of responsibility for them.

**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT STEVEN NEWTON**

With respect to the history and characteristics of the defendant, the United States notes that, before meeting co-defendant Judy Green, Mr. Newton had worked in the technology-related industry for years with no other criminal convictions. The United States believes that these circumstances also militate for a sentence below the applicable Guidelines range.

For all of these reasons, although Mr. Newton's actions were serious, the United States believes that, taking into account the factors set out in U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a), Mr. Newton's assistance has been substantial and supports a sentence below the applicable Guidelines range. The United States, accordingly, asks the Court to depart downward to offense level 15. This sentence level appropriately punishes Mr. Newton for his crimes and rewards him for his cooperation. The United States also requests that the Court also impose a $100 special assessment per count of conviction.

## IV. Restitution and Forfeiture

The victims are the entities that controlled the E-Rate funds: the FCC and USAC. A civil *qui tam* action produced settlements with various involved companies, which resulted in substantial civil penalties. Because that action provided for a recovery more than actual civil damages, the victims' rights have been addressed.

With respect to the issue of forfeiture, no action is necessary.

//
//
//
//
//
//
//
//
//
//
//
//

**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT STEVEN NEWTON**

## CONCLUSION

Based on defendant Steven Newton's cooperation with and substantial assistance to the government, his history and characteristics, and all of the facts of this case, the United States moves for a downward departure to a level 15. The Court should also impose a special assessment of $100 per count of conviction.

DATED: March 27, 2008

/s/Richard B. Cohen
MICHAEL F. WOOD
RICHARD B. COHEN
BRIAN J. STACK
JASON M. KATZ
ALBERT B. SAMBAT
ANNA TRYON PLETCHER
Trial Attorneys
Antitrust Division
United States Department of Justice

**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE RE: DEFENDANT STEVEN NEWTON**
-6-